Filed 12/24/13  P. v. Porter CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B249110 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. Nos. BA400655 & BA400392) |
| v. | |
| DORIAN PORTER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, David M. Horwitz, Judge.  Affirmed.

Ari Dybnis, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

On March 7, 2012, Dorian Porter was placed on three years formal probation after pleading no contest to one count of selling or offering to sell methamphetamine (Health & Saf. Code, § 11379, subd. (a)). (LASC case No. BA391031 On May 31, 2012, his probation was revoked because he failed to report to his probation officer. A bench warrant was also issued for his failure to appear in court and the matter was continued to July 19, 2012.

In the interim, Porter had been arrested again and charged with drug possession (Health & Saf. Code, § 11377, subd. (a)), as well as misrepresenting his identity to a peace officer. (Pen. Code, § 148.9, subd. (a).) (LASC case No. BA400392.) However, on July 2, 2012, his probation in the first case (BA391031) had been reinstated. At the July 19, 2012 hearing, his probation was revoked pending the preliminary hearing in the new case.

On July 26, 2012, the prosecutor filed a request to revoke Porter's probation in the first case because he had picked up yet another drug possession charge. (LASC case No. BA400655.) On August 2, 2012, Porter pled guilty to the two new drug possession charges and the identity misrepresentation charge. Due to his open plea, the court continued sentencing on the new convictions for one year, pending Porter's participation in a drug treatment program. Two bench warrants were issued for Porter twice over the next several weeks, apparently because he was not participating in the drug treatment program. The first was quashed and the probation violation was waived. The trial court declined to quash the second one, however.

On October 1, 2012, Porter, who was represented by appointed counsel, admitted the probation violation. His lawyer asked the trial court to reinstate probation because Porter had left the drug treatment program to attend his mother's funeral. The trial court terminated his probation and imposed concurrent three-year terms for the two most recent convictions.

Porter appealed from the October 1, 2012, order but the trial court denied his request for a certificate of probable cause and, therefore, did not accept

Porter's notice of appeal, we later construed Porter's habeas petition as a request for relief from default and granted that request. We directed the trial court to accept and process his notice of appeal.

On October 1, 2013, Porter's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. The brief included a declaration from counsel that he had reviewed the record and had sent Porter a letter advising him that such a brief would be filed and that he could file a supplemental brief if he chose to. The next day, this court sent Porter a letter advising him that a *Wende* brief had been filed and that he had 30 days to submit a brief raising any issues he wanted us to consider. He did not file a supplemental brief.

We have examined the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259; *Wende, supra,* 25 Cal.3d 436.)

**DISPOSITION**

The judgment is affirmed.

RUBIN, ACTING P. J.

WE CONCUR:

FLIER, J.

GRIMES, J.